Opinion of the court by
Mr. Justice Trotter.
A judgment was obtained by the appellee against the appellants in the circuit court of Jefferson county, on which an execution was issued, and levied on two slaves as the property of the defendant in the execution. A forthcoming bond was taken by the sheriff, and returned into the court from which it issued with an endorsement upon the execution by the sheriff, that 4he same was forfeited. At a subsequent term of the court, Barker moved to quash the execution and bond, which was overruled, and the cause is brought here by appeal. The appellee has moved to dismiss the appeal for the reason that the appeal bond is executed by one only of the parties to the motion. The bond is given by Barker only, but th'e record states that the exception to the opinion of the court below, was taken by Barker and others. The motion was at the suit of Barker and his surety in the forthcoming bond, who was Neal Torry. The averment in the record that the exception was taken by the said Barker and others must therefore intend Torry, who was the only party to the proceeding, save Barker. «When several appeal, bond and security being given by any party, shall be sufficient.” Rev, Code, p. 138, sec. 148. The record in this case shows that both Barker and Torry prayed and obtained the appeal, and the bond is therefore good by the statute. This distinguishes this case from the one in 2 J. J. Marshall’s Rep. of Young v. Ditto, and also from that of Green v. The Planters’ Bank, 3 Howard’s Rep. 43. In that case, the judgment below was against four, and the appeal was taken by two only.
The motion must therefore be overruled. -